FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAY -5 PM 3:19
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 116-085 |
| | * | |
| MARTIN A. ANDERSON | * | |

## O R D E R

On May 1, 2020, this Court received a letter from Defendant Martin A. Anderson seeking to reduce his sentence because of his concern for the COVID-19 pandemic.

A sentencing court cannot modify a term of imprisonment once it has been imposed except under three conditions, two of which are inapplicable here. See 18 U.S.C. § 3582(c). However, one exception provides a mechanism to shorten a sentence known as "compassionate release." This section provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). Thus, when seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons ("BOP") and then

either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief. Here, Defendant has neither averred nor provided evidence that he has complied with this process; his motion is therefore premature.

Moreover, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission in consideration of compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). Defendant has not met the specific criteria for any of these categories. The application note also provides a catch-all category: "**As determined by the Director of the Bureau of Prisons,** there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release. In short, the Court must

2

also deny Defendant's motion for compassionate release on the merits because he does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford him relief.

Upon the foregoing, Defendant Martin A. Anderson's motion for reduction of sentence (doc. no. 45) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of May, 2020.

_____
UNITED STATES DISTRICT JUDGE